WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel A. Andrews; et. al., ) | No. CV 12-346-TUC-HCE |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Triple R. Distributing, LLC.; et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Joint Motion for Leave to Intervene (Doc. 19) submitted by Plaintiffs and proposed Intervening Plaintiff, TJ Produce, Inc. For the following reasons the Court will grant the Motion.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

On May 4, 2012, Plaintiffs filed the instant action for violations of the Perishable Agricultural Commodities Act (hereinafter "PACA"), 7 U.S.C. §499b *et. seq.* and 7 U.S.C. §499e, *et. seq.* (Doc. 1). On June 29, 2012, Plaintiffs filed a Motion for Entry of Clerk's Default (Doc. 15) against Defendants and, on July 9, 2012, the Clerk entered default against Defendants (Doc. 16). No motion for default judgment has been filed.

On August 13, 2012, Plaintiffs and proposed Intervening Plaintiff TJ Produce, Inc. (hereinafter "Intervening Plaintiff"), filed the instant Joint Motion for Leave to Intervene. Intervening Plaintiff also lodged a Complaint in Intervention to enforce payment from the

produce trust under PACA. (Doc. 20).

Plaintiffs and Intervening Plaintiff generally allege that they sold wholesale produce to Defendants and that Defendants have failed to pay them. They also allege that they have preserved their claims under PACA.

## II.    DISCUSSION

### A.    STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right and permissive intervention. Rule 24 provides, in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>     (1) is given an unconditional right to intervene by a federal statute; or
>     (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
>     (1) In General. On timely motion, the court may permit anyone to intervene who:
>         (A) is given a conditional right to intervene by a federal statute; or
>         (B) has a claim or defense that shares with the main action a common question of law or fact.
>     ***
>     (3)   Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed.R.Civ.P. 24.

The joint movants do not argue that a federal statute provides an unconditional right to intervene. As to application of Rule 24(a)(2), the Ninth Circuit applies the following four-part test, each of which must be satisfied to allow a non-party with a right to intervene:

> "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."

*Citizens for Balanced Use v. Montana Wilderness Ass'n.*, 647 F.3d 893, 897 (9th Cir. 2011) (*quoting Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006)). "'While an applicant seeking

1   to intervene has the burden to show that these four elements are met, the requirements are
2   broadly interpreted in favor of intervention.'   *Prete,* 438 F.3d at 954. 'In addition to
3   mandating broad construction, our review is guided primarily by practical considerations, not
4   technical distinctions.' [*Southwest Ctr. for Biological Diversity v.*] *Berg*, 268 F.3d
5   [810,]...818 [(9th Cir. 2001))." *Id.* at 897.  Moreover, timeliness is a threshold requirement
6   for intervention as of right. *League of United Latin American Citizens v. Wilson,* 131 F.3d
7   1297, 1302 (9th Cir. 1997).  In determining timeliness, courts in the Ninth Circuit consider
8   the following three factors: "'(1) the stage of the proceeding at which an applicant seeks to
9   intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"
10  *Id.* (*quoting County of Orange v. Air Calif.,* 700 F.2d 535, 537 (9th Cir. 1986)).

11          If intervention is not a matter of right under Rule 24(a), the court may still permit
12  intervention under Rule 24(b)(1)(B) which, in pertinent part, allows a third party to intervene
13  in an action when that party "has a claim or defense that shares with the main action a
14  common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B).[1]  "The determination of whether
15  a 'common question' exists is liberally construed." *Silver v. Babbit,* 166 F.R.D. 418, 433 (D.
16  Ariz. 1994)(*quoting Stallworth v. Monsato Co.,* 558 F.2d 257, 265 (5th Cir. 1977)).  If a
17  "common question" exists, the court must next consider whether intervention will "unduly
18  delay or prejudice the adjudication of the original parties' rights", Fed.R.Civ.P. 24(b)(3),
19  which is an issue within the court's discretion. *Silver,* 166 F.R.D. at 433 (citations omitted).
20  Additionally, the court may consider other factors including: the nature of the would-be
21  intervenors' interests; their standing to raise relevant legal issues; the legal position they seek
22  to advance and its probable relation to the merits of the case; whether the would-be
23  intervenors' interests are adequately represented by other parties; whether intervention would
24  prolong or delay the litigation; and whether the would-be intervenors will significantly
25  contribute to the full development of the factual issues in the case and to the just and

---

[1]Rule 24(b)(1)(A) governs permissive intervention in cases where the conditional right to intervene is conferred by federal statute.  The joint movants do not assert that Rule 24(b)(1) applies.

1 equitable adjudication of the issues presented; and matters concerning judicial economy. *Id.*
2 (citations omitted).

### B.     ANALYSIS

The joint movants seek intervention on the grounds that their claims arise out of the same set of facts in that they sold produce subject to PACA to Defendants and that Defendants remain indebted to them for such produce. Like Plaintiffs, Intervening Plaintiff also claims that it is entitled to a share in the assets of the PACA Trust and thus, claims an interest in the subject of this action. The joint movants agree that adjudication in absence of Intervening Plaintiff would impair its ability to protect its interests and that such adjudication "may well deprive one party or the other of a complete and effective remedy." (Joint Motion, p. 3).

Plaintiffs and Intervening Plaintiff claim an interest relating to property which is the subject of this action under PACA which, *inter alia*, establishes a statutory trust for the benefit of all unpaid qualified produce suppliers or sellers. *See generally* 7 U.S.C. §499b *et seq.;* 7 U.S.C. §499e *et seq*. Thus, the claims have common questions of law and fact. Further, the record supports the conclusion that adjudication of Plaintiffs' claims separately from Intervening Plaintiff's claims may impede Intervening Plaintiff's ability to protect it's interests and that Plaintiffs my not adequately represent the interests of Intervening Plaintiff. As to timeliness, the Joint Motion is filed approximately three months after Plaintiffs' Complaint was filed and little has happened in this action in light of Defendants failure to appear and the Clerk's entry of default. *See e.g.* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, §1916 (3rd ed. 2011) (recognizing that in unique circumstances intervention may be allowed even after judgment has been entered). Given Plaintiffs' joinder in the motion to intervene, the record reflects no discernable prejudice to them. Nor, does the instant record support a conclusion that Defendants would be unduly prejudiced by allowing intervention at this point. Pursuant to the Federal Rules of Civil Procedure, the Complaint in Intervention must be served on Defendants and Defendants will have the opportunity to appear.

1  Accordingly, for the foregoing reasons, IT IS ORDERED that the Joint Motion for
2 Leave to Intervene (Doc. 19) is GRANTED.  Intervening Plaintiff is directed to serve the
3 Complaint in Intervention on Defendants forthwith.
4  DATED this 31st day of August, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge