1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA
8
9   Daniel A. Andrews, an individual doing          No. CV 4:12-00346-TUC-RCC (HCE)
    business as Dan Andrews Farms; *et al*.,
10                                                   **REPORT AND RECOMMENDATION**
                            Plaintiff,
11

12  TJ Produce, Inc., an Illinois corporation,

13                     Intervenor-Plaintiff,
    v.
14
    Triple R Distributing, LLC, a limited
15  liability company; *et al*.,

16                          Defendant.
17
18          Currently pending before the Court is Plaintiffs' Motion for Entry of Default

19  Judgment by the Court against Defendants Triple R Distributing, LLC, ("TRD") and

20  Daniel A. Romero ("Romero"). (Doc. 25.) The Defendants were served with process on

21  May 31, 2012. *See* Executed Summonses (Docs. 11-12). On June 29, 2012, Plaintiffs
22
23  filed an Application for Entry of Default. (Doc. 15.) On July 9, 2012, the Clerk of the

24  Court entered Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, against

25  the Defendants. (Doc. 16.) On October 19, 2012, Plaintiffs filed a Motion for Entry of
26
27  Default Judgment (Doc. 25) with accompanying memorandum (Doc. 26) and supporting

28  declarations and exhibits (Docs. 27-31). No response has been filed.

Although Plaintiffs have filed a written consent to the undersigned Magistrate Judge jurisdiction, because the Defendants have not yet appeared, the undersigned has prepared a report and recommendation, which will be directed to District Judge Raner C. Collins.

The Magistrate Judge recommends that the District Court grant Plaintiffs' Motion for the following reasons.

## I.    Factual Background

Plaintiffs Daniel A. Andrews, an individual doing business as Dan Andrews Farms ("DAF"); Reynolds Packing Company, Inc., doing business as M & R COMPANY, a California corporation ("M&R"); ATB Packing Company, a partnership ("ATB"); and Natural Flavor Produce, LLC, a limited liability company ("NFP") (hereinafter "Plaintiffs") sell and ship perishable agricultural commodities as defined by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499b(4). Plaintiffs allege that between May 5, 2009, and June 22, 2011, Plaintiffs sold and shipped perishable agricultural commodities to Defendant TRD in a series of transactions at Defendants' request for which Defendants agreed to pay in amounts of $130,184.90. The perishable agricultural commodities, cumulatively totaling $130,184.90, were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce. Plaintiffs forwarded to Defendants invoices for the transactions setting forth in detail the amounts owed by Defendants for purchases of the commodities. Plaintiffs repeatedly demanded that Defendants pay the amounts due under the invoices. However, Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the produce

purchased by Defendants. No part of the $130,184.90 owing has been paid. Plaintiffs seek payment of the principal amount of $130,184.90 for the produce purchased by Defendants, costs, attorney's fees, and pre-judgment and post-judgment finance charges.

## II.   ADEQUACY OF SERVICE OF PROCESS

As a preliminary matter, the Court addresses the adequacy of the service of process on Defendants. *See e.g.*, *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992) (finding that where a plaintiff "failed to serve [defendant] properly ... the default judgments [wa]s void"). Based on the Affidavits of Service filed in this case (Docs. 11 and 12), it appears that personal service of the Complaint and Summons were accomplished on Defendants Romero, individually and as statutory agent of TRD, on May 31, 2012. *See* Fed.R.Civ.P. 4(e) (discussing service of process on an individual) and Fed.R.Civ.P. 4(h) (discussing service of process on a corporation, partnership, or association). Therefore, with the Complaint having been properly served on Defendants, Plaintiffs have satisfied the service requirements necessary to obtain a default judgment.

## III.   DEFAULT JUDGMENT AGAINST DEFENDANTS

Rule 55(b)(2), Fed.R.Civ.P., provides for the entry of judgment by default by the court. However, a court may not enter judgment by default against an infant or incompetent person unless he is represented by a general guardian, committee, conservator, or other such representative. *Id*. Moreover, the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 501, provides specific requirements which must be fulfilled before a default judgment may be entered. 50 U.S.C. App. § 521. Defendants are not infants, incompetent persons, or in the military service of the United States.

Declaration of Bart M. Botta, (Doc. 27, ¶¶  19-20). Thus, there is nothing in Rule 55(b)(2) or the Soldiers' and Sailor's Civil Relief Act that prevents the Court from entering judgment by default.

## IV.    DEFAULT JUDGMENT AND EITEL FACTORS

Because service appears to have been proper and default judgment may be entered against Defendants, the Court now addresses the merits of Plaintiffs' Motion. After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed.R.Civ.P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th  Cir. 1986). As default has already been entered in this case, the Court must take as true all factual allegations in Plaintiffs' Complaint except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks omitted). Thus, Plaintiffs are required to provide proof of all damages sought in the complaint. This process is limited

by Fed.R.Civ.P. 54(c), which states that "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]."

  *A. Possibility of Prejudice to Plaintiffs*

  The Court first considers whether Plaintiffs will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at, 1472-73. Based on the documents submitted by Plaintiffs, it appears that Defendants do not contest the fact that Plaintiffs as beneficiaries of the PACA trust are entitled to payment for the produce accepted by Defendants from Plaintiffs. The Court concludes that Plaintiffs would suffer prejudice if their motion for default judgment was denied because they would be harmed "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002).

  *B. Merits of Plaintiffs' Substantive Claim and Sufficiency of the Complaint*

  The Court also considers that *Eitel* "require[s] that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris U.S.A., Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D.Cal. 2003) (internal quotation marks omitted). A PACA plaintiff must show that (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices. 7 U.S.C. § 499e(c)(3) and (4); 7 C.F.R. § 46.46(c) and (f).

In the instant case, Plaintiffs have sufficiently stated a claim under the PACA. Plaintiffs have pleaded facts supporting the creation of a trust between Plaintiffs and Defendants under 7 U.S.C. § 499e(c) and the Defendants' breach of that trust under 7 U.S.C. § 499b(4). Further, Plaintiffs have pleaded facts that the commodities sold were perishable agricultural commodities and that the transaction occurred in contemplation of interstate commerce. Additionally, Plaintiffs and Defendants have been identified as licensed PACA dealers. *See* 7 U.S.C. § 499a(b). Plaintiffs preserved the trust under 7 U.S.C. § 499e(c)(4) by inserting the requisite statutory language on all invoices to Defendants and have not received full payment on the transactions. Moreover, Plaintiffs have pleaded facts to establish that Defendant Romero was an officer, director, shareholder and/or insider of Defendant TRD with actual and constructive knowledge of the PACA trust and the provisions set forth therein and was responsible for the daily management and control of TRD. Plaintiffs allege that Defaulting Defendant Romero controlled or was in a position to control the PACA trust assets which are the subject of this lawsuit and is and during all times alleged therein was a statutory trustee of the PACA trust assets that are the subject of the Complaint. Plaintiffs alleged that the Defaulting Defendants transferred or diverted the trust assets, namely receivables or proceeds derived from the sale of produce to himself in violation of statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. *See* 7 C.F.R. §46.46(c). Defendant Romero, therefore, has breached a fiduciary duty and is personally liable for those tortious acts. *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2nd Cir. 2007). Given these allegations and the Court's acceptance of these allegations as true, the

Court finds that Plaintiffs have adequately shown that Defendants have violated the PACA.

### C.  Sum of Money at Stake in Action

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *California Security Cans*, 238 F.Supp.2d at 1176. In the instant case, Plaintiffs seek the following, all of which qualifies for trust protection under the trust provisions of the PACA, 7 U.S.C. §499e, *et seq.*:

(i) Principal in the cumulative amount of $130,184.90 as follows: $30,055.50 in the case of DAF; $58,638.25 in the case of M&R; $32,593.80 in the case of ATB; and $8,897.35 in the case of NFP;

(ii) Pre-judgment finance charge to Plaintiff M&R through and including October 19, 2012 in the amount of $32,067.02;

(iii) Attorney's fees and costs to Plaintiffs in the amount of $7,557.10 as follows: $2,327.82 in the case of DAF; $4,540.71 in the case of M&R; and $688.57 in the case of NFP;

(iv) Post-judgment finance charge at the rate of 18% per annum to Plaintiff M&R;

(v) Post-Judgment interest at the highest legal rate to Plaintiffs DAF, ATB, and NFP.

These amounts are based on the terms of the written agreement between the parties as set forth in the Declarations of Bart M. Botta, Daniel A. Andrews, Alan N. Huynh, Kenneth Bethel, and Patricia Leal (Docs. 27-31). Here, Defendants did not comply with the PACA trust and Romero violated his fiduciary duty. The amount of

damages sought by Plaintiffs, *i.e.*, the amount of money at stake in relation to Defendants' conduct is proportionate and appropriate.

### D. Possibility of Dispute Concerning Material Facts

The Court also considers the possibility of dispute as to any material facts in the case. *See Eitel*, 782 F.2d at 1472. Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Plaintiffs' complaint as true (except for those relating to damages) and (2) Defendants have not made any attempt to challenge Plaintiffs' Complaint or even appear in this case. Upon entry of default, all well-pleaded facts in the complaint are deemed true, except those relating to damages. *See TeleVideo*, 826 F.2d at 917-918. Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion.

### E. Whether Default Was Due to Excusable Neglect

In most cases, a court will ask whether the failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472 (noting that the fact that the parties were engaged in settlement negotiations excused defendant from failing to answer). In the instant case, the record reflects that Defendants were properly served with the Summons and Complaint. Given these circumstances, it is unlikely that Defendants' failure to answer and the resulting default was a result of excusable neglect. *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D.Cal. 2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

### F.  Policy Underlying Federal Rules of Civil Procedure

Generally, default judgments are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, because a discretionary standard is applied, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999). Indeed, the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. *California Security Cans*, 238 F.Supp.2d at 1177. Moreover, Defendants' failure to answer the Complaint makes a decision on the merits impractical, if not impossible. Further, Defendants have failed to respond to the lawsuit and Plaintiffs have specifically pleaded facts supporting their claim. On the instant record, the policy encouraging decisions of cases on their merits does not weigh against granting default judgment.

### G.  Summary

Based on all the *Eitel* factors discussed above, the Magistrate Judge recommends that the District Court grant Plaintiff's motion for default judgment.

## V.  DAMAGES

Plaintiffs' demand for relief must be specific, pursuant to Fed.R.Civ.P. 8(a)(3). Here, Plaintiffs seek the following, all of which qualifies for trust protection under the trust provisions of the PACA, 7 U.S.C. §499e, *et seq.*:

(i)  Principal in the cumulative amount of $130,184.90: $30,055.50 in the case of DAF as follows; $58,638.25 in the case of M&R; $32,593.80 in the case of ATB; and $8,897.35 in the case of NFP;

(ii)   Pre-judgment finance charge to Plaintiff M&R through and including October 19, 2012 in the amount of $32,067.02;

(iii)   Attorney's fees and costs to Plaintiffs in the amount of $7,557.10 as follows: $2,327.82 in the case of DAF; $4,540.71 in the case of M&R; and $688.57 in the case of NFP;

(iv)   Post-judgment finance charge at the rate of 18% per annum to Plaintiff M&R;

(v)   Post-Judgment interest at the highest legal rate to Plaintiffs DAF, ATB, and NFP;

Plaintiffs have adequately supported their request for the principal amounts due for produce sold and delivered to Defaulting Defendants. *See* Declarations of Daniel A. Andrews, Alan N. Huynh, Kenneth Bethel, and Patricia Leal. (Docs. 28-31, ¶¶ 6 & 7, Ex. 1.)

A.  *Individual Liability*

As to the Individual Defendant Romero, there is no question that he was the sole person responsible for running the business, and he is personally liable for the unpaid PACA trust debts to Plaintiffs. "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (citations omitted).

1

2

3         *B.  Pre-Judgment and Post-Judgment Finance Charge (Plaintiff M&R)*

4         Plaintiffs request pre-judgment interest in the amount of $32,067.02 through and

5   including October 19, 2012 and post-judgment interest of 1.5% per month. *See* Botta

6   Decl. (Doc. 27 ¶¶ 16-18, Ex. B). Under *Middle Mountain Land and Produce Inc. v.*

7   *Sound Commodities Inc.*, 307 F.3d 1220 (9th Cir.2002), pre-judgment interest may be

8   included in a PACA trust claim if supported by a contractual right; alternatively, the

9   Court has discretion to award reasonable pre-judgment interest if such an award promotes

10  the interests of PACA claimants. "[I]f a contractual right arose from the exchange of

11  contractual communications and […] invoices, then [supplier] has a right under PACA to

12  enforce the full scope of its perishable agricultural commodities contract." *Middle*

13  *Mountain*, 307 F.3d at 1225–26.

14

15        Here, the invoices attached to the Huynh declaration state, in relevant part:

16  "Interest will accrue on any past-due balance at the rate of 1 ½ % per month" Huynh

17  Declaration (Doc. 29, Ex. C). Although normally interest would accrue at the legal rate,

18  because the invoices created a contract, the interest rate of 1.5% per month or 18% on

19  unpaid accounts agreed to by the parties is the correct rate to apply. *Citicorp Real Estate,*

20  *Inc. v. Smith*, 155 F.3d 1097, 1108 (9th Cir.1998) ("affirm[ing] the district court's grant of

21  post-judgment interest based on the mutually agreed upon contract rate"). Plaintiff

22  submits evidence that the accrued interest to the date of the motion is $32,067.02. Thus,

23  Plaintiff is entitled to pre-judgment interest of $32,067.02 through October 19, 2012, plus

24  pre-judgment interest after October 19, 2012 and continuing until judgment is entered;

25

26

27

28

and post-judgment interest at the rate of 18% per annum until all amounts due under the

sales agreement are paid in full.

### C.  Post-Judgment Interest (Plaintiffs DAF, ATB, and NFP)

Plaintiffs DAF, ATB, and NFP request post-judgment interest at the highest legal

rate. These Plaintiffs do not have a contractual right to finance charges. Accordingly,

post-judgment interest should accrue on the Judgment amount at the current post-

judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this

Judgment until paid in full.

### D.  Attorney's Fees and Costs

Plaintiffs request an award of Attorney's fees and costs in the amount of $7,557.10

as follows: $2,327.82 in the case of DAF; $4,540.71 in the case of M&R; and $688.57 in

the case of NFP. The Ninth Circuit has determined that a PACA beneficiary may recover

expenses and fees that are due contractually or otherwise "in connection with" the

transaction that is the subject of the PACA trust claim. *Middle Mountain Land &

Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002). In *Middle

Mountain*, the court allowed a trust beneficiary to collect attorney's fees and interest

because the invoice for the produce created a contractual right to such fees. The fees were

"within the scope of the statute's protection of 'full payment owing in connection with

the [PACA] transaction." *Middle Mountain*, 307 F.3d at 1223 (quoting 7 U.S.C. §

499e(c).) The court stated that the invoices and related communications should be

assessed to determine whether they created a contractual right to attorney's fees and pre-

judgment interest. *Id.*, at 1225; *see e.g.*, *JC Produce, Inc. v. Paragon Steakhouse Rests.*,

*Inc.*, 70 F.Supp.2d 1119, 1123 (E.D.Cal. 1999) (plaintiff's invoices expressly reserved PACA trust rights over interest and reasonable attorney's fees). However, the court also found that, where the invoice does not create a contractual right to attorney's fee, there is no contractual right to attorney's fees. *Id.*, at 1225 ("the district court has limited authority to grant attorneys' fees to PACA claimants").

In this case, the invoices between Plaintiffs DAF, M&R, and NFP and Defendants contained a provision for the recovery of attorney's fees and costs in the event of litigation. *See* Huynh, Leal, and Andrews Decls. (Docs. 28-29, 31, Ex. 1.) As described in the declaration of Bart M. Botta, the demand for attorneys' fees and costs is based on Plaintiffs' pro-rated share of attorney's fees and costs billed for this case. *See* Botta Decl. (Doc. 27, ¶¶ 11-15.) Accordingly, the Magistrate Judge finds that an award of attorney's fees and costs is appropriate and recommends that the District Court award attorney's fees and costs to Plaintiffs in the amount of $7,557.10 as follows: $2,327.82 in the case of DAF; $4,540.71 in the case of M&R; and $688.57 in the case of NFP.

## VI.  RECOMMENDATION

For the foregoing reasons, based on all the *Eitel* factors discussed above, the Magistrate Judge RECOMMENDS that the District Court GRANT Plaintiffs' Motion for Default Judgment (Doc. 25).

The Magistrate Judge FURTHER RECOMMENDS that the District Court enter the following proposed judgment in this matter:

IT IS HEREBY ADJUDGED that Plaintiffs DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS;

REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; ATB PACKING COMPANY, a partnership; and NATURAL FLAVOR PRODUCE, LLC, a limited liability company are entitled to immediate entry of default judgment against Defendants TRIPLE R DISTRIBUTING, LLC, a limited liability company; and DANIEL A. ROMERO, an individual, jointly and severally, as follows, all of which qualifies for trust protection under the trust provisions of Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, et seq.]:

(i) Principal in the cumulative amount of $130,184.90 [$30,055.50 in the case of Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; $58,638.25 in the case of Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; $32,593.80 in the case of Plaintiff ATB PACKING COMPANY, a partnership; and $8,897.35 in the case of Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company];

(ii) Pre-judgment finance charge to Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation through and including October 19, 2012 in the amount of $32,067.02;

(iii) Attorney's fees and costs to Plaintiffs in the amount of $7,557.10 [$2,327.82 in the case of Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; $4,540.71 in the case of Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; and $688.57 in the case of Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company];

(iv) Post-judgment finance charge at the rate of 18% per annum to Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; and

(v) Post-Judgment interest at the at the current post-judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full to Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; Plaintiff ATB PACKING COMPANY, a partnership; and Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company.

IT IS HEREBY ADJUDGED that this judgment is entered pursuant to Fed.R.Civ.P. Rule 54(b) and 55(b)(2).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed R. Civ.P. 72(b).

If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

If objections are filed the parties should use the following case number: **CV 12-0346-TUC-RCC**.

Dated this 28th day of February, 2013.

_____

Héctor C. Estrada
United States Magistrate Judge

- 15 -