IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Daniel A. Andrews, et al., | ) | No. CV 12-346-TUC-RCC |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Triple R Distributing LLC, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiffs' Motion for Default Judgment (Doc. 25) and Magistrate Judge Hector Estrada's Report and Recommendation (R&R) (Doc. 40). The Court accepts and adopts Magistrate Judge Estrada's R&R (Doc. 40) as the findings of fact and conclusions of law of this Court and grants Plaintiff's Motion for Default Judgment (Doc. 25).

**I.    Background**

This Court fully incorporates by reference the "Factual Background" section of the R&R into this order.

On October 19, 2012, Plaintiffs filed the pending motion for default judgment. Defendants have not responded. Magistrate Judge Estrada filed a R&R recommending that the Court grant Plaintiffs' motion and enter default judgment against Defendants. Defendants did not file a response to the R&R within the allotted time.

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to a R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). When no objection is filed, the district court need not review the R & R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Defendants have not objected to the R&R, which relieves the Court of its obligation

1 to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, even after a *de novo* review of the record, this Court agrees with the Judge Estrada's recommendation. The Court considers the R&R to be thorough and well-reasoned and will therefore adopt the R&R (Doc. 40).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Estrada's Report and Recommendation (Doc. 40) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED granting** Plaintiffs' Motion for Default Judgment (Doc. 25). The Clerk shall enter judgment in favor of Plaintiffs and close this case.

**IT IS FURTHER ORDERED** that Plaintiffs DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; ATB PACKING COMPANY, a partnership; and NATURAL FLAVOR PRODUCE, LLC, a limited liability company are entitled to immediate entry of default judgment against Defendants TRIPLE R DISTRIBUTING, LLC, a limited liability company; and DANIEL A. ROMERO, an individual, jointly and severally, as follows, all of which qualifies for trust protection under the trust provisions of Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, et seq.]:

(i) Principal in the cumulative amount of $130,184.90 [$30,055.50 in the case of Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; $58,638.25 in the case of Plaintiff REYNOLDS PACKING COMPANY, INC.

doing business as M & R COMPANY, a California corporation; $32,593.80 in the case of Plaintiff ATB PACKING COMPANY, a partnership; and $8,897.35 in the case of Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company];

(ii) Pre-judgment finance charge to Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation through and including October 19, 2012 in the amount of $32,067.02;

(iii) Attorney's fees and costs to Plaintiffs in the amount of $7,557.10 [$2,327.82 in the case of Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; $4,540.71 in the case of Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; and $688.57 in the case of Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company];

(iv) Post-judgment finance charge at the rate of 18% per annum to Plaintiff REYNOLDS PACKING COMPANY, INC. doing business as M & R COMPANY, a California corporation; and

(v) Post-Judgment interest at the at the current post-judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full to Plaintiff DANIEL A. ANDREWS, an individual doing business as DAN ANDREWS FARMS; Plaintiff ATB PACKING COMPANY, a partnership; and Plaintiff NATURAL FLAVOR PRODUCE, LLC, a limited liability company.

**IT IS HEREBY ORDERED** that this judgment is entered pursuant to Fed.R.Civ.P. Rule 54(b) and 55(b)(2).

DATED this 21st day of March, 2013.

_____
Raner C. Collins
United States District Judge